CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 29 2019
JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DEVIN KEITH MORRIS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**S.V.R.J.A. MEDICAL ADMINISTRATION DUFFIELD,**<br><br>**Defendant.** | ) | **CASE NO. 7:19CV00216**<br><br>**MEMORANDUM OPINION**<br><br>**By: Hon. Glen E. Conrad**<br>**Senior United States District Judge** |

The plaintiff, Devin Keith Morris, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that he has been denied eye glasses while confined at the Southwestern Virginia Regional Jail Authority's facility in Duffield, Virginia. He alleges that without eye glasses, he suffers from migraines. After review of his submissions, the court concludes that the action must be summarily dismissed as legally frivolous.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). To state a claim, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). The only entity that Morris identifies as a defendant in the

heading of his § 1983 complaint is "S.W.V.R.J.A. Medical Administration Duffield." Compl. 1, ECF No. 1. The medical administration at the jail, as an entity or group of individuals, cannot qualify as a person subject to being sued under § 1983. Because Morris's complaint thus presents no legal basis for a claim actionable under § 1983 against the only defendant he has identified, the court will summarily dismiss this action without prejudice under § 1997e(c)(1) as legally frivolous. An appropriate order will enter this day. Dismissal without prejudice leaves Morris free to refile one or more of his claims in a new and separate civil rights action, provided he can overcome the noted deficiencies.[1]

The clerk will mail a copy of this order to Morris.

ENTER: This 29th day of May, 2019.

Senior United States District Judge

[1] The court notes that Morris's complaint also fails to provide a chronological account of events and facts related to his claims. While some information is included in attached copies of administrative forms he filed at the jail, the complaint itself must make a clear statement of each claim and the facts he offers in support of those claims. Such facts include, but are not limited to, what his medical need is, what requests he made for medical care, when, and to whom; what responses he received; what medical appointments were provided to him and when; what occurred during those appointments; and what each defendant did or failed to do in violation of his constitutional rights. Any complaint Morris may later file should correct this deficiency.